THE STATE *v.* WILLIAMS.

The infringement by the sheriff of a positive law, while acting in his official capacity, is such a violation of his duty as amounts to a breach of his bond.

Indictment against a sheriff, predicated upon s. 5, c. 104, acts 1841, which was revived and continued in force by an act of 1844. The indictment, after setting out a decree, &c., in favor of, &c., and against the unknown heirs of one *A.*, the issuing of an execution and the levy thereof on a certain tract of land, charged that the sheriff, while acting as such, during the sale of said land, unlawfully and knowingly did, &c., procure one *B.* to bid off and buy said land at said sale for the use and benefit of him, the sheriff, and that *B.* did then, &c., bid off and buy the land for the sheriff, with the intention then and there to cheat and defraud said unknown heirs, &c , in the sum of, &c. The sale was alleged to have been made on the 18th of *May*, 1850, and the indictment was found at

Nov. Term,
1853.
─────────
THE STATE
v.
WILLIAMS.

the *April* term, 1852. *Held,* that the section of the act upon which the indictment was founded, created two distinct offences; one for being knowingly guilty of an act or omission amounting to a breach of his official bond, which is punished by fine; the other for being guilty as aforesaid, with intent to defraud or injure any person, &c., which is punished by fine and imprisonment; and that the first offence was well described, but the latter was not. But, *held,* that the prosecution for the first offence was barred by the statute of limitations.

*Thursday,*
*December* 1.

ERROR to the *Warrick* Circuit Court.

ROACHE, J.—This was an indictment against *Williams,* charging him with malfeasance in office, as the sheriff of *Warrick* county. The indictment, after setting out a decree of the *Warrick* Circuit Court in favor of *James C. Graham,* against the unknown heirs of *Patrick Donagho,* the issuing of an execution, and the levy thereof on a certain tract of land, proceeds as follows :

" And the jurors aforesaid," &c., " do further present that the said *Williams,* so being sheriff of the said county, and while acting as such, at and during the said sale of the said land, unlawfully and knowingly did then and there procure the said *Nicholas Taylor* to bid off and buy the said tract of land at said sale for the use and benefit of the said *Williams,* so being sheriff as aforesaid, and that the said *Taylor* did then and there bid off and buy the said tract of land for the said *Williams,* he being then and there sheriff as aforesaid, with the intention then and there to cheat and defraud the said unknown heirs of *Patrick Donagho,* in the sum of one hundred dollars," &c.

The Court quashed the indictment, and the state brings it to this Court.

The indictment was predicated on s. 5, c. 104, acts of 1841, p. 185, which is in these words :

" That whenever any officer known to the constitution or laws of this state, from whom an oath and bond of office are required, may be knowingly guilty of any act or omission which shall amount to a breach of his official bond, he shall be deemed guilty of malfeasance in office, and upon conviction thereof, he shall be fined in any sum not less than ten, nor more than fifty dollars ; and whenever any such officer may be guilty as aforesaid, with in-

tent to defraud or injure any person or persons, body corporate or politic, he shall be deemed guilty as aforesaid, and, upon conviction thereof, shall be fined in any sum not exceeding one thousand dollars, and imprisoned in the jail of the proper county for any determinate period; or fined as last aforesaid, and imprisoned at hard labor in the state prison, for any term of time not less than one, nor more than fourteen years, according to the circumstances of the case and the sound discretion of the court or jury trying the same."

This act was not incorporated in the revisión of 1843, but was revived and continued in force by an act approved *January* 13, 1844. See acts of that year, p. 99.

There can be no question but that the offence described in the indictment did amount to a breach of the sheriff's official bond. Section 428, c. 40, R. S. 1843, expressly prohibits any officer making a sale on execution, from becoming a purchaser, either directly or indirectly, at such sale. The infringement of a positive law is such a violation of his duty as amounts to a breach of his bond. See *The State ex rel. Chapman* v. *Lines*, decided at the present term. (1)

There is, however, a fatal defect in the indictment.

It will be observed that the statute creates two distinct offences, different as to the extent and kind of punishment. The first, which consists in "knowingly being guilty of any act or omission, which amounts to a breach of his official bond," is punished by fine only, not exceeding 50 dollars. The indictment was found at the *April* term, 1852, and the sale is alleged to have taken place on the 18th day of *May*, 1850. The prosecution for this offence was consequently barred by the statute. R. S. 1843, c. 54, s. 4.

The other offence created by the act, embraces an additional element. It enacts that whenever the officer shall be guilty as aforesaid, with intent to defraud or injure any person, &c., he shall be subject to indictment, &c., and the punishment is fine and imprisonment, or confinement in the state prison for not less than one, nor

more than fourteen years, at the discretion of the jury. The latter offence is not barred by the statute.

The misdemeanor is well described. It sufficiently charges that the sheriff indirectly purchased at the sale, by procuring *Taylor* to buy, and were this offence not barred by the statute, the indictment should be sustained.

But in the description of the larger offence, the material allegation is wanting. The intent to defraud is the gist of the offence. In the indictment, the intent to defraud is alleged to have existed on the part of *Taylor*, but not on the part of the sheriff. This was not sufficient. Being of the substance of the crime, it ought to have been charged to exist in the sheriff, and not alone in the person through whom he is alleged to have made the purchase.

*Per Curiam.*—The judgment is affirmed.

*A. L. Robinson*, for the state.

*C. Baker*, for the defendant.

(1) *Ante*, p. 351.